UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANGEL AUGUSTO ROMERO LOPEZ,** | **Civil Action No. 25-16890 (SDW)** |
| Petitioner, | |
| v. | **OPINION** |
| **SECRETARY KRISTI NOEM, et al.,** | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") and motion for an order to show cause ("Motion") by Petitioner Angel Augusto Romero Lopez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF Nos. 1, 2). Respondents Department of Homeland Security ("DHS") Secretary Kristi Noem, Acting ICE Director Todd M. Lyons, ICE Newark Field Office Director John Tsoukaris, United States Attorney General Pamela Bondi, and Delaney Hall warden oppose the Petition and Motion. (ECF No. 5).

This Court will determine the Petition and Motion on the briefs pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, this Court concludes that the Petition and Motion will be granted to the extent that Petitioner seeks an order requiring Respondents to provide him with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

**I. BACKGROUND**

Petitioner is a citizen of Honduras. (ECF No. 1 at 2). He entered the United States without inspection in 2003. (*Id.* at 11). He moved to New Jersey where he lives with his wife, a legal permanent resident, and his son, a United States citizen. (*Id.*) On April 24, 2018, DHS issued

Petitioner a Notice to Appear stating he was subject to removal for being a noncitizen "present in the United States without being admitted or paroled, or who has arrived in the United States at any time or place other than as designated by the Attorney General." (ECF No. 1-1 at 1). The statute cited was Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i). (*Id.*). He was released from custody. (ECF No. 5-1 at 4). Petitioner applied for asylum and cancellation of removal. (ECF No. 1-2). The removal proceedings were cancelled. (ECF No. 5-1 at 4).

On September 29, 2025, Petitioner encountered ICE agents during a traffic stop in Maine. (*Id.* at 3). He was arrested and placed in immigration detention. (*Id.* at 4). DHS issued a Notice to Appear that stated Petitioner was a noncitizen "present in the United States who has not been admitted or paroled." (ECF No. 5-2 at 1). Petitioner was charged with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being present in the United States without admission or parole, and INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), for being a noncitizen without valid documents. (*Id.* at 4). He is presently detained in Delaney Hall, and his removal proceedings are ongoing. (ECF No. 5 at 11). There is no final order of removal. (ECF No. 1 at 12).

The Petition and Motion were filed on October 24, 2025. (ECF Nos. 1 & 2). This Court ordered Respondents to answer the Petition within three days and permitted Petitioner to file a reply within five days of receiving the answer. (ECF No. 3). It prohibited Respondents from moving Petitioner outside of the District of New Jersey while these proceedings were ongoing.

(*Id.*)  Respondents filed their answer on October 27, 2025, (ECF No. 5), and Petitioner filed a reply November 3, 2025, (ECF No. 7).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

### B. Analysis

Petitioner argues that he is being detained in violation of the Constitution because Respondents incorrectly determined that he is subject to mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2).  (ECF No. 1 at 13-14).  Instead, Petitioner asserts that his detention can only be justified pursuant to 8 U.S.C. § 1226(a), which would entitle him to an individualized assessment for release by an immigration judge.  (*Id.* at 18-19).  Petitioner states that he has not sought a bond hearing because a recent Board of Immigration Appeals ("BIA") opinion divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant to § 1225(b).  (ECF No. 1 at 8, 13) (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec.

216, 216 (BIA 2025)). Respondents assert that Petitioner is lawfully detained pursuant to § 1225(b)(2) and that he is not entitled to a bond hearing pursuant to *Hurtado*. (ECF No. 5 at 13-14).

"On July 8, 2025, DHS instituted a notice titled 'Interim Guidance Regarding Detention Authority for Applicants for Admission' to all ICE Employees." *Vazquez v. Feeley*, No. 2:25-cv-01542, 2025 WL 2676082, at *5 (D. Nev. Sept. 17, 2025). "Under the new interpretation and policy, individuals 'present in the United States without admission or parole' are now treated as 'applicants for admission' subject to mandatory detention under § 1225(b)(2), rather than discretionary detention under § 1226(a)." *Soto v. Soto, et al.*, No. 25-cv-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). "Thus, nearly all noncitizens who have never been admitted, regardless of whether they were stopped at the border or arrested years later inside the country, are now classified as an 'applicant for admission' that is 'seeking admission' into the country under § 1225(b)." *Id.*

As with many cases filed in this District and around the country, the critical issue before this Court is whether Petitioner is properly detained under § 1225(b) or § 1226(a). In brief, § 1225 provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A). "Thus, it is unambiguous and patently clear that for the provision to apply and thus subject a noncitizen to mandatory detention: (1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Soto*, 2025 WL 2976572, at *5. On the other hand, § 1226(a) "applies to aliens already present in the United States" and "creates a default rule

for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "The line historically drawn between these two sections … is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, No. 25-cv-11613, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citing *Jennings*, 583 U.S. at 288-89). "[T]he provisions here are mutually exclusive—a noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226 … ." *Lopez Benitez v. Francis*, No. 25-cv-5937, ___ F. Supp. 3d. ___, 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025).

Respondents put forward a wide-sweeping interpretation of § 1225(b)(2)(A)'s "seeking admission" element, arguing that it is satisfied by the mere fact that Petitioner is present in the United States without admission. (ECF No. 5 at 15 ("[A]ll 'applicants for admission' are, by definition, 'seeking admission.'")) The vast majority of courts confronting this precise issue have rejected Respondents' interpretation, and the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225.[1] *See, e.g., Patel v. Almodovar*, No. 25-cv-15345, 2025 WL 3012323, at *3 (D.N.J. Oct. 28, 2025); *Soto v. Soto, et al.*, No. 25-cv-16200, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Quispe v. Crawford*, No. 25-cv-1471, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025); *Savane v. Francis*, No. 25-cv-6666, 2025 WL 2774452 (S.D.N.Y. Sept. 28, 2025); *Zumba*, 2025 WL 2753496; *Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Lepe v.*

---

[1] This Court is not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'" *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).

*Andrews*, No. 25-cv-01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. 25-cv-4048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Singh v. Lewis*, No. 25-cv-0096, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Hasan v. Crawford*, No. 25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Vazquez*, 2025 WL 2676082; *Garcia Cortes v. Noem*, No. 25-cv-2677, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Lopez Santos v. Noem*, No. 25-cv-1193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025); *Perez v. Kramer*, No. 25-cv-3179, 2025 WL 2624387 (D. Neb. Sept. 11, 2025); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Hinestroza v. Kaiser*, No. 25-cv-7559, 2025 WL 2606983 (N.D. Cal. Sept. 9, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-cv-326, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *J.O.E. v. Bondi*, No. 25-cv-3051, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Leal-Hernandez v. Noem*, No. 25-cv-2428, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Lopez-Campos v. Raycroft*, No. 25-cv-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Lopez Benitez*, 2025 WL 2371588.  This Court is persuaded by the comprehensive reasoning of these courts and finds that § 1226(a) applies to Petitioner's detention.

Here, Petitioner was not seeking to be admitted when ICE detained him in Maine; he had already been living inside the United States for 22 years.  "A noncitizen like [p]etitioner, who has already entered and is present in the country, simply cannot be characterized as 'seeking entry' consistent with the ordinary meaning of that phrase." *Vazquez v. Feeley*, No. 2:25–cv–01542, 2025 WL 2676082, at *13 (D. Nev. Sept. 17, 2025); *see also Zumba v. Bondi*, No. 25–cv–14626, 2025 WL 2753496, at *3 (D.N.J. Sept. 26, 2025) (noting that "up until July 8 the predominant

form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a).")

Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(2)(A) violates the laws of the United States and Petitioner's Due Process rights. Respondents are ordered to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

## III. CONCLUSION

For the reasons stated above, the Petition and Motion are GRANTED. Respondents shall treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing before an immigration judge. Respondents shall file a letter on the docket within 10 days of this Opinion and Order indicating whether the hearing has taken place and, if not, why not.[2]

An appropriate order follows.

Date: _____November 5__, 2025

_____
Hon. Susan D. Wigenton
United States District Judge

---

[2] This Court shall keep these proceedings open pending Respondents' submission.